IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

Visteon Corporation,

    Plaintiff,

    v.                                        No.: 4:16-cv-11180-TGB-EAS

Timothy D. Leuliette,              Hon. Terrence G. Berg

    Defendant.
_____/

## DEFENDANT'S MOTION FOR ENTRY OF JUDGMENT
## CONFIRMING ARBITRATION AWARD

    Defendant Timothy D. Leuliette, by his attorneys Hickey Hauck Bishoff & Jeffers, PLLC and Crotty & Schiltz, LLC, moves this Court for an order confirming the attached arbitration award and reducing it to a judgment. In support of this motion, defendant submits the attached brief. Pursuant to LR.7.1(a), counsel for defendant conferred with counsel for plaintiff and requested but did not obtain concurrence in the requested relief.

Dated: November 27, 2017            Respectfully submitted,

                                              By:   /s/ Sean B. Crotty
                                              Sean B. Crotty
                                              Eugene J. Schiltz
                                              CROTTY & SCHILTZ, LLC
                                              120 N. LaSalle St., Suite 2000
                                              Chicago, Il 60602
                                              Tel. 312.444.1000

scrotty@crottylaw.com
gschiltz@crottylaw.com

Patrick F. Hickey (P36648)
Thomas S. Bishoff (P53753)
HICKEY HAUCK BISHOFF &
JEFFERS, PLLC
1 Woodward Ave., Suite 2000
Detroit, MI 48226
Tel. 313.964.8600
phickey@hhbjlaw.com
tbishoff@hhbjlaw.com
*Counsel for Defendant*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

Visteon Corporation,

    Plaintiff,

    v.                                       No.: 4:16-cv-11180-TGB-EAS

Timothy D. Leuliette,             Hon. Terrence G. Berg

    Defendant.
_____/

# BRIEF IN SUPPORT OF DEFENDANT'S MOTION FOR ENTRY OF JUDGMENT CONFIRMING ARBITRATION AWARD

# TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................... i
TABLE OF AUTHORITIES .............................................................. ii
ISSUE PRESENTED ...................................................................... iii
STATEMENT OF CONTROLLING AUTHORITY ........................... iv
INTRODUCTION .............................................................................. 1
BACKGROUND ................................................................................ 1
ARGUMENT ..................................................................................... 3
CONCLUSION .................................................................................. 5

# TABLE OF AUTHORITIES

**STATUES**                                                          **Page**

9 U.S.C. §9 ............................................................................3

**CASES**
                                                               **Page**

*Nationwide Mut. Ins. Co. v. Home Ins. Co.*,
 429 F.3d 640 (6th Cir. 2005) ...................................................3, 4

*Samaan v. Gen. Dynamics Land Sys., Inc.*,
835 F.3d 593 (6th Cir. 2016). ..................................................3, 4

*Allen Group, Inc. v. Allen Deutschland GMBH*,
877 F. Supp. 395 (W.D. Mich. 1994) ..........................................1

# ISSUE PRESENTED

Should the court enter judgment confirming an arbitration award when the arbitration agreement provides that the decision of the arbitrator is final and binding upon the parties and that judgment may be entered on the award in any court having jurisdiction?

>Answer: Yes.

# CONTROLLING AUTHORITY

Pursuant to local rule 7.1(d)(2), defendant Timothy D. Leuliette states that the following authorities are controlling and most appropriate for the requested relief:

**Statutes**

9 U.S.C. §§1-16

**Cases**

*Nationwide Mut. Ins. Co. v. Home Ins. Co.*, 429 F.3d 640 (6th Cir. 2005).

*Samaan v. Gen. Dynamics Land Sys., Inc.,* 835 F.3d 593 (6th Cir. 2016).

## INTRODUCTION

Once a court obtains jurisdiction in an action, it retains the right to enter judgment on an arbitrator's award related to that action. *Allen Group, Inc. v. Allen Deutschland GMBH*, 877 F.Supp. 395, 399 (W.D. Mich. 1994). This Court specifically retained jurisdiction to confirm the arbitration award[1] in its August 5, 2016 order (Dkt. #42), which authorizes either party to move to lift the stay of this case at the conclusion of the arbitration in order to confirm any award issued by the arbitrator and reduce that award to a judgment.

## BACKGROUND

On September 30, 2012, defendant Timothy D. Leuliette and plaintiff Visteon Corporation entered into an employment agreement pursuant to which Leuliette served as Visteon's President and Chief Executive Officer. (Ex. 1). The contract contains the following arbitration provision:

> 19. ARBITRATION. Any dispute or controversy arising under or in connection with this Agreement or the Employee's employment with the Company, other than injunctive relief under Section 11 hereof, shall be settled exclusively by arbitration, conducted before a single

---

[1] Defendant is moving contemporaneously with this motion, to file the Arbitration Award under seal.

1

> arbitrator in accordance with the National Rules for the Resolution of Employment disputes of the American Arbitration Association then in effect. The decision of the arbitrator will be final and binding upon the parties hereto. Judgment may be entered on the arbitrator's award in any court having jurisdiction. The parties acknowledge and agree that in connection with any such arbitration and regardless of outcome (a) each party shall pay all of its own costs and expenses, including without limitations its own legal fees and expenses, and (b) the arbitration costs shall be borne entirely by the Company. *Id.*, ¶19.

On February 19, 2016, Leuliette initiated an arbitration proceeding to recover amounts owed to him under his employment agreement. (Dkt. #1. ¶2.)

On March 31, 2016, Visteon filed this suit and on May 13, 2016, it moved for a preliminary injunction enjoining the arbitration filed by Leuliette. (Dkt. #15). On August 5, 2016, this Court denied that motion and stayed this case until the conclusion of the arbitration. (Dkt. #42). The order provides that following the arbitration either party may move to lift the stay to confirm any award and reduce it to a judgment. *Id.*

Martin C. Weisman was selected as arbitrator for the dispute. (Ex. 2). On October 31, 2017, Mr. Weisman issued his final arbitration award. (Ex. 3). Based on his reading of the employment agreement, he ruled that Leuliette is entitled to $15,577,110, plus $1,172,271.62 in

2

interest as of October 2, 2017, as well as further interest of $2,139.86 per day until the award is paid in full. *Id.* at 12. The award provides that the American Arbitration Association's administrative fees of $46,620 and the Arbitrator's compensation and expenses of $59,413.09 are the responsibility of Visteon, and therefore awards Leuliette an additional $5,600 to reimburse him for administrative costs he paid. *Id.*

## ARGUMENT

Confirmation of arbitration awards is governed by section 9 of the Federal Arbitration Act, which provides that if an arbitration agreement directs (as this one does) that a court judgment shall be entered upon an award, a party may apply for an order of confirmation within a year after the award is issued. 9 U.S.C. §9.

The FAA presumes that arbitration awards will be confirmed and that any judicial review of an award will be exceedingly limited. *Nationwide Mut. Ins. Co. v. Home Ins. Co.*, 429 F.3d 640, 643 (6th Cir. 2005). Indeed, "when courts are called upon to review an arbitrator's decision, the review is very narrow; it is one of the narrowest standards of judicial review in all of American jurisprudence." *Samaan v. Gen. Dynamics Land Sys., Inc.,* 835 F.3d 593, 600 (6th Cir. 2016), quoting

3

*Uhl v. Komatsu Forklift Co., Ltd.*, 512 F.3d 294, 305 (6th Cir. 2008). Thus, "courts must refrain from reversing an arbitrator simply because the court disagrees with the result or believes the arbitrator made a serious legal or factual error." *Id.*, quoting *Solvay Pharm., Inc. v. Duramed Pharm., Inc.*, 442 F.3d 471, 476 (6th Cir. 2006). Accordingly, "as long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, [the fact] that a court is convinced he committed serious error does not suffice to overturn his decision." *Nationwide Mut. Ins. Co.*, 429 F.3d at 643, quoting *United Paperworkers Int'l Union v. Misco, Inc.*, 484 U.S. 29, 38 (1987).

Leuliette and Visteon agreed to arbitrate any dispute arising under or in connection with the employment agreement or Leuliette's employment at Visteon. (Ex. 1, ¶19). They further agreed that the decision of the arbitrator would be final and binding and that judgment on the award could be entered in any court with jurisdiction. *Id.*

The parties submitted a dispute over interpretation of the employment agreement to an arbitrator who heard two weeks of

evidence, interpreted the agreement, and rendered the attached award. That award should now be confirmed.

## CONCLUSION

Accordingly, defendant Leuliette respectfully requests that this Court enter a judgment confirming the arbitration award in the form submitted.

Dated: November 27, 2017  Respectfully submitted,

By: /s/ Sean B. Crotty
Sean B. Crotty
Eugene J. Schiltz
CROTTY & SCHILTZ, LLC
120 N. LaSalle St., Suite 2000
Chicago, Il 60602
Tel. 312.444.1000
scrotty@crottylaw.com
gschiltz@crottylaw.com

Patrick F. Hickey (P36648)
Thomas S. Bishoff (P53753)
HICKEY HAUCK BISHOFF &
JEFFERS, PLLC
1 Woodward Ave., Suite 2000
Detroit, MI 48226
Tel. 313.964.8600
phickey@hhbjlaw.com
tbishoff@hhbjlaw.com
*Counsel for Defendant*

# CERTIFICATE OF SERVICE

I, Sean B. Crotty, hereby certify that on November 27, 2017 I electronically filed this Motion for Entry of Judgment Confirming Arbitration Award with the Clerk of the Court using the ECF system which will send notification to all e-filing participants of record.

Dated: November 27, 2017

                                               /s/ Sean B. Crotty
                                               Sean B. Crotty
                                               CROTTY & SCHILTZ, LLC
                                               120 N. LaSalle St., Suite 2000
                                               Chicago, Il 60602
                                               Tel. 312.444.1000
                                               scrotty@crottylaw.com