**EXECUTION VESRION**

# VISTEON CORPORATION

# EMPLOYMENT AGREEMENT

This Employment Agreement (this "Agreement") is entered into on September 30, 2012 (the "Effective Date"), by and between Visteon Corporation, a Delaware corporation (the "Company"), and Timothy D. Leuliette (the "Employee") to set forth the terms pursuant to which the Employee will continue as the Chief Executive Officer of the Company.

In consideration of the mutual promises contained herein and of other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereto hereby agree as follows:

1. POSITION AND DUTIES.

   (a) During the Employment Term (as defined in Section 2 hereof), the Employee shall serve as the Chief Executive Officer of the Company. In addition, during the Employment Term, the Employee shall serve as a member of the Board; provided that the Employee's continued service as a member of the Board shall at all times remain subject to applicable law and to any and all nomination and election procedures in accordance with the Company's charter and by-laws. In the foregoing capacities, the Employee shall have the duties, authorities and responsibilities commensurate with the duties, authorities and responsibilities of persons in similar capacities in similarly sized companies, and such other duties, authorities and responsibilities as may reasonably be assigned to the Employee from time to time that are not inconsistent with the Employee's position with the Company. The Employee's principal place of employment with the Company shall be in Van Buren Township, Michigan, provided that the Employee understands and agrees that the Employee may be required to travel from time to time, both domestically and internationally, for business purposes. The Employee shall report directly to the Board.

   (b) During the Employment Term, the Employee shall devote all of the Employee's business time, energy, business judgment, knowledge and skill and the Employee's best efforts to the performance of the Employee's duties with the Company, provided that the foregoing shall not prevent the Employee from (i) serving on the boards of directors of non-profit organizations and not greater than two other for profit companies; provided that any such service (other than any pre-existing board memberships as of the Effective Date) shall be subject to the written approval of the Board, (ii) participating in charitable, civic, educational, professional, community or industry affairs, and (iii) managing the Employee's passive personal investments so long as such activities in the aggregate do not interfere or conflict with the Employee's duties hereunder or create a potential business or fiduciary conflict.

2. EMPLOYMENT TERM. The Company agrees to employ the Employee pursuant to the terms of this Agreement, and the Employee agrees to be so employed, for a term of approximately three years and three months (the "Term") commencing on the Effective Date and extending through December 31, 2015. Notwithstanding the foregoing, the Employee's employment hereunder may be earlier terminated in accordance with Section 7 hereof, subject to Section 8 hereof. If the Term is not earlier terminated in accordance with Section 7 hereof, it will automatically terminate on December 31, 2015 without further action by the Company or the Employee unless they have, before that date, mutually agreed to an extension of the Term. The period of time between the Effective Date and the date on which the Employee ceases to be employed by the Company pursuant to the terms of this Agreement (whether by reason of termination of the Employee's employment in accordance with Section 7 hereof or by reason of the expiration of the Term, without termination of the Employee's employment by the Company) shall be referred to herein as the "Employment Term."

11692588.3

17. SEVERABILITY. The provisions of this Agreement shall be deemed severable and the invalidity or unenforceability of any provision shall not affect the validity or enforceability of the other provisions hereof.

18. COUNTERPARTS. This Agreement may be executed in several counterparts, each of which shall be deemed to be an original but all of which together will constitute one and the same instrument.

19. ARBITRATION. Any dispute or controversy arising under or in connection with this Agreement or the Employee's employment with the Company, other than injunctive relief under Section 11 hereof, shall be settled exclusively by arbitration, conducted before a single arbitrator in accordance with the National Rules for the Resolution of Employment Disputes of the American Arbitration Association then in effect. The decision of the arbitrator will be final and binding upon the parties hereto. Judgment may be entered on the arbitrator's award in any court having jurisdiction. The parties acknowledge and agree that in connection with any such arbitration and regardless of outcome, (a) each party shall pay all of its own costs and expenses, including, without limitation, its own legal fees and expenses, and (b) the arbitration costs shall be borne entirely by the Company.

20. INDEMNIFICATION. The Company hereby agrees to indemnify the Employee and hold the Employee harmless to the maximum extent provided under the charter and by-laws of the Company and applicable law against and in respect of any and all actions, suits, proceedings, claims, demands, judgments, costs, expenses (including reasonable attorney's fees), losses, and damages resulting from the Employee's good faith performance of the Employee's duties and obligations with the Company (including good faith acts and good faith omissions to act). This obligation shall survive the expiration of the Employment Term and any termination of the Employee's employment with the Company.

21. LIABILITY INSURANCE. The Company shall cover the Employee under directors' and officers' liability insurance both during and, while potential liability exists, after the termination of the Employee's employment in the same amount and to the same extent as the greater (if differing) of the Company's coverage of its other officers and directors.

22. GOVERNING LAW. This Agreement, the rights and obligations of the parties hereto, and all claims or disputes relating thereto, shall be governed by and construed in accordance with the laws of the State of Delaware, without regard to the choice of law provisions thereof.

23. MISCELLANEOUS. No provision of this Agreement may be modified, waived or discharged unless such waiver, modification or discharge is agreed to in writing and signed by the Employee and such officer or director as may be designated by the Board. No waiver by either party hereto at any time of any breach by the other party hereto of, or compliance with, any condition or provision of this Agreement to be performed by such other party shall be deemed a waiver of similar or dissimilar provisions or conditions at the same or at any prior or subsequent time. Except as otherwise expressly referenced herein, this Agreement together with all exhibits hereto (if any) sets forth the entire agreement of the parties hereto in respect of the subject matter contained herein and supersedes any and all prior agreements or understandings between the Employee and the Company with respect to the subject matter hereof. No agreements or representations, oral or otherwise, express or implied, with respect to the subject matter hereof have been made by either party which are not expressly set forth in this Agreement.

24. REPRESENTATIONS. The Employee represents and warrants to the Company that (a) the Employee has the legal right to enter into this Agreement and to perform all of the obligations on the Employee's part to be performed hereunder in accordance with its terms, and (b) the Employee is not

11692588.3

IN WITNESS WHEREOF, the parties hereto have executed this Agreement as of the date first written above.

COMPANY

By: _____
Michael Sharnas, Senior Vice President and General Counsel

EMPLOYEE

_____
TIMOTHY D. LEULIETTE

Employment Agreement Signature Page